```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```
_____

**HUNTER FAN COMPANY,**            )
                                   )
    **Plaintiff,**                 )
                                   )
v.                                 )   No. 06-2108 Ml/P
                                   )
**MINKA LIGHTING, INC.,**          )
                                   )
    **Defendant.**                 )
_____

### ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE
_____

Before the Court is Defendant Minka Lightning, Inc.'s Motion to Transfer Venue, filed April 13, 2006. Plaintiff, Hunter Fan Company, filed a response in opposition on May 5, 2006. For the reasons set forth below, Defendant's motion is DENIED.

Plaintiff filed the instant action for patent infringement on February 16, 2006. Plaintiff's Complaint alleges that Defendant's "ARTEMIS" brand of ceiling fans unlawfully infringes upon Plaintiff's patented "high efficiency ceiling fan." Plaintiff alleges that Defendant distributes the infringing ARTEMIS brand throughout the United States, including Tennessee. (Compl. ¶¶ 8-15.)

Defendant, a California-based company, seeks to transfer this case to the Central District of California because the parties are currently litigating a patent infringement suit in the Central District of California involving the same parties,

similar patent infringement claims, and similar factual and legal issues.  Specifically, Defendant sued Hunter Fan Company d/b/a Casablanca Fan Company for infringement of one of Defendant's ceiling fan patents.  According to Defendant, this case is scheduled to go to trial in the Central District of California in September 2006.  Defendant also contends that the majority of relevant documents and witnesses in the instant case are located in California and that California was the "operative site" for the activities at issue in both suits.  Accordingly, Defendant moves to transfer this case to California so that it can be tried more expeditiously and less expensively.

Plaintiff opposes Defendant's motion to transfer the case.  Plaintiff first argues that the California litigation involves different parties, patents, and products.  Plaintiff points out that Defendant sued Casablanca, Plaintiff's subsidiary, in the California litigation, and that Casablanca is not a party to this action.[1]  Plaintiff also contends that the patent at issue in the California litigation involves an ornamental design, whereas the patent at issue in the instant litigation involves fan mechanics.  Finally, the allegedly infringing brand in the California litigation is the "SANTORINI" brand, which is not at issue in the

---

[1] Although Casablanca is not a party to the instant action, Plaintiff's Complaint states that Plaintiff incorporates its patented "high efficiency ceiling fan" invention into its "OCEANA" and "ZOE" brands, and Casablanca incorporates the invention into its "SCANDIA" and "MODENA" brands.  (Compl. ¶ 10.)

litigation before this Court.[2]

In addition, Plaintiff notes that its principal place of business is Memphis, Tennessee. Plaintiff's design, engineering, and manufacturing facilities are located in Memphis, as well as the relevant patent records in this case. Plaintiff also contends that potential witnesses who can testify to the conception and implementation of the patent reside in Memphis. (See Decl. Brendan Byrne, Senior Vice President of Marketing, Hunter Fan Company, May 6, 2006 ("Byrne Decl.") ¶¶ 4-6.)

**I. Standard**

Defendant moves to transfer this case under 28 U.S.C. § 1404(a). This statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A decision to transfer a case under § 1404(a) is "committed to the sound discretion of the trial court." Piper Aircraft Co. v. Rayno, 454 U.S. 235, 257 (1981).

As a general rule, there is a "strong presumption" in favor of the plaintiff's selection of forum, and the plaintiff's choice should not be altered "unless the defendant carries his burden of demonstrating that the balance of convenience strongly favors

---

[2] Plaintiff also notes that none of the fan brands identified in either complaint incorporate the two patents simultaneously.

transfer." Plough, Inc. v. Allergan, Inc., 741 F. Supp. 144, 148 (W.D. Tenn. 1990)(citations omitted); see also Nicol v. Koscinski, 188 F.2d 537, 537 (6th Cir. 1951)(explaining that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed"). When a plaintiff has selected its home forum, this choice is given particular weight. Tuna Processors, Inc. v. Hawaii Int'l Seafood, 408 F. Supp. 2d 358, 360 (E.D. Mich. 2005).

In determining whether to transfer a case under § 1404(a), a court should consider the private interests of the parties as well as "other public interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" Moses v. Business Card Exp., Inc., 929 F.2d 1131, 1137 (6th Cir. 1991). The private interests of the parties that courts consider when determining whether to transfer a case include: the convenience of the parties, the convenience of witnesses, the location of sources of proof, where the operative facts occurred, the relative ability of litigants to bear expenses in any particular forum, the possibility of prejudice in either forum, and other practical problems affecting the case. Tuna Processors, Inc., 408 F. Supp. 2d at 361; Ellipsis, Inc. v. Colorworks, Inc., 329 F. Supp. 2d 962, 970 (W.D. Tenn. 2004); Priess v. Fisherfolk, 535 F. Supp. 1271, 1279 (S.D. Ohio 1982). In addition, "the Court may consider any factor that may make any

-4-

eventual trial 'easy, expeditious, and inexpensive.'" <u>Helder v. Hitachi Power Tools, USA Ltd.</u>, 764 F. Supp. 93, 96 (E.D. Mich. 1991)(quoting <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501, 508 (1947)).

**II. Analysis**

Defendant argues that several factors support the transfer of this case to California. The Court will examine each of these factors in turn.

**A.   Convenience of the Parties**

Defendant first argues that it would be more convenient for both parties to litigate this case in California since both Defendant's and Casablanca's headquarters are located in California. Plaintiff points out that Casablanca is not a party to this action; moreover, the ceiling fans that Casablanca sells are designed and produced in Memphis. (Byrne Decl. ¶ 4.) Plaintiff also contends that since its principal place of business, as well as its design, engineering, and manufacturing facilities, are located in Memphis, Tennessee, the convenience of the parties does not favor transferring this case to California. The Court agrees this factor weighs in Plaintiff's favor because Plaintiff has selected its home forum in the Western District of Tennessee.

**B.   Convenience of Witnesses**

Defendant also claims that litigating this action in

California would be more convenient for the majority of the parties' witnesses. It notes that all of its employee witnesses, as well as the inventor of the allegedly infringing ARTEMIS brand of ceiling fans, reside in California. Plaintiff responds that it plans to take the depositions of witnesses who are California residents, including Defendant's employees, in California. Plaintiff also argues that the Western District of Tennessee is a more convenient forum for its employee witnesses because the patent at issue in the instant litigation arises from an invention "conceived of, produced, and marketed" in Memphis, Tennessee. (Byrne Decl. ¶ 5.) The Court agrees with Plaintiff. Section 1404 provides for transfer "to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." Van Dusen v. Barrack, 376 U.S. 612, 645-46 (1964). In this case, the witness convenience factor does not favor transfer.

**C. Access to Sources of Proof**

The next factor to consider is the relative ease of access to sources of proof. Defendant maintains that all of its relevant documents are located in California and that "on information and belief," Casablanca's relevant documents are also located in California. Plaintiff rejects Defendant's assertion that Casablanca's documents are located in California as "unsupported." It claims instead that the documents relevant to

Plaintiff's claims—regarding both its own and Casablanca's fans—are located in Memphis.  Plaintiff also notes that although two of Casablanca's brands are implicated in this litigation, Casablanca is not a party to the instant action.

It appears to the Court that the access to sources of proof, like convenience of the parties and witnesses, is not a factor that strongly favors transfer.  Although it might be more convenient for the Defendant to litigate this matter in California because its documents and evidentiary proof are located in California, it would be less convenient for Plaintiff.

### D.  Center of Allegedly Infringing Activity

Defendant next contends that the "preferred forum" in patent infringement actions "is that which is the center of the accused activity."  Tuna Processors, Inc., 408 F. Supp. 2d at 361.  According to Defendant, the allegedly infringing activities—namely, the development, testing, and research for all of Defendant's ceiling fan brands, including its ARTEMIS brand—occurred in California, and therefore, the preferred forum for this case is the Central District of California.[3]

In Tuna Processors, Inc., the Court transferred the case to Hawaii, where the defendant's allegedly infringing activities had

---

[3] Defendant points out that since Defendant introduced the ARTEMIS brand of fans, in January 2005, it has sold only twenty of these fans in Tennessee.  (Def.'s Mot. Transfer Venue 8; Decl. Peter Decsy in Support Def.'s Mot. Transfer Venue ¶ 5.)

occurred.  However, the court's decision to transfer the case was based in large part on the fact that the plaintiff's selected forum—the Eastern District of Michigan—was not its home forum, and the plaintiff had "little connection" to Michigan.  Id. at 360.  The court held that "[u]nder the circumstances, . . . Plaintiff's choice of forum is not entitled to the ordinary degree of deference because Plaintiff maintains little connection to the Eastern District of Michigan."  Id.

In this case, on the other hand, Plaintiff has selected its home forum, and Plaintiff has a substantial connection to this forum.  In addition, as one court has noted, the test that focuses on the site of the allegedly infringing activities "is generally applied in cases in which the plaintiff does not bring suit in its home forum." Optima, Inc. v. Republic Indus., Inc., 1995 WL 72430, at *3 (E.D. La. Feb. 21, 1995).  The Court finds, therefore, that although the "center of accused activity" may be in California, this factor does not compel transfer.  See Max Rack, Inc. v. Hoist Fitness Sys., Inc., 2006 WL 640497, at *5 (S.D. Ohio Mar. 10, 2006)(declining to transfer case where the plaintiff selected its home forum and expressing "concern with transferring a patent infringement case even when filed in the patent holder's home state because it gives no weight to the patent holder's activities and gives too much weight to the infringing conduct").

### E.  Related Cases

Finally, Defendant contends that the Tennessee and California cases are related and, therefore, in the interest of justice and judicial economy, this case should be transferred. Defendant cites to Sofamor Danek Holdings, Inc. v. U.S. Surgical Corp., 49 U.S.P.Q. 2d 2016, 1998 WL 1021750 (W.D. Tenn. Nov. 16, 1998), for the proposition that "[t]he fact that a related case is pending in a proposed transferee district is a powerful reason to grant a motion for a change of venue." 49 U.S.P.Q. 2d 2016, 1998 WL 1021750, at *2 (quotation omitted). The actual holding of Sofamor Danek, however, does not support Defendant's argument. In that case, the defendants sought to transfer a patent infringement suit to the Central District of California, where a separate patent infringement lawsuit involving the same parties was ongoing. The court denied the defendants' motion to transfer, noting that although the patents at issue in the two cases derived from the same original patent application and were within the same field of technology, they had become two separate patents involving separate inventions. Id. Accordingly, the court held that "the policies that typically justify a case's transfer to a district where a related action is pending are not served in this case." Id.

Similarly the patents at issue in the instant lawsuit and the litigation in California involve separate and distinct

inventions——the Tennessee patent relates to fan blade technology designed to increase energy efficiency[4] and the California patent involves the ornamental design of a lighting and housing fixture.[5]  Although both patents relate to ceiling fans, this similarity, by itself, is not sufficient to warrant transferring the instant litigation to California.  The patents were registered two years apart, and neither party claims that the inventions were originally part of the same patent application.  Finally, the two cases do not involve the same brands of fans.  In sum, the Court finds that the Tennessee and California cases are not sufficiently related to warrant transfer of this case.[6]

---

[4] Plaintiff's patent registration states: "[c]eiling fan energy consumption efficiency is enhanced with fan blades that have an angle attack that decreases from root end to tip end at higher rates of decrease nearer their tip ends than at their root ends."  (Compl. Ex. A.)

[5] Defendant's patent registration states that it is for the "ornamental design for the combined ceiling fan housing and light fixture[.]" (Decl. Tan Pham in Support Def.'s Mot. Transfer Venue, Ex. A.)

[6] Defendant's reliance on Advanced Semiconductor Materials Am. v. Applied Materials Inc., 30 U.S.P.Q. 2d 1553, 1993 WL 653027 (D. Ariz. Sep. 15, 1993), and Hunter Eng'g Co. v. ACCU Indus., Inc., 245 F. Supp. 2d 761 (E.D. Va. 2002), is misplaced.  In Advanced Semiconductor Materials Am., the Arizona district court granted the defendant's motion to transfer plaintiff's patent infringement action to California, where the same parties were already litigating two other patent infringement actions.  The court found that the three cases were related, even though they involved different patents, because the parties and technology were the same, and the patents at issue in the Arizona litigation developed out of the same California-based program, as in the California cases.  30 U.S.P.Q. 2d at 1554-55.  In this case, however, the technology at issue in the two lawsuits is not the same, and the patents did not derive from the same development process.
     In Hunter Eng'g Co., the court found that transfer was necessary to "avoid the risk of inconsistent claim construction of the same or

**IV. Conclusion**

Taking all of the applicable factors together, the Court finds that transfer is not appropriate because Defendant has failed to overcome the "strong presumption" in favor of Plaintiff's selection of its home forum. Although it might be more convenience for Defendant if this case was transferred to California, Defendant has failed to show any "specific hardship" that will result from litigating this case in the Western District of Tennessee. Accordingly, Defendant's motion to transfer is DENIED.

SO ORDERED this 12th day of June, 2006.

    /s/ Jon P. McCalla
    JON P. McCALLA
    UNITED STATES DISTRICT JUDGE

---

related patent terms . . . given the fact that all the patents relate to similar or identical products or processes . . . ." 245 F. Supp. 2d at 776. In contrast, the Tennessee and California cases involve different brands and different inventions. Accordingly, the Court does not find that either of the two cases upon which Defendant relies supports transfer.

-11-